# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:08-cr-00082-MR-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| VINCENT LAMAR BOULWARE, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion for Reduction of Sentence under 18 U.S.C. § [3582](c)(2) Pursuant to Retroactive Amendment 794." [Doc. 153].

On May 6, 2009, the Defendant pleaded guilty pursuant to a written plea agreement to one count of bank robbery, and aiding and abetting the same, in violation of 18 U.S.C. §§ 2113(a) and 2. [Doc. 66]. At the same time, the Defendant also pleaded guilty to counts of bank robbery in two other related cases, Criminal Case No. 1:09-cr-00055-MR-02 and Criminal Case No. 1:09-cr-00058-MR-03. These matters were consolidated for judgment, and on July 8, 2010, the Defendant was sentenced to a total term of 188 months' imprisonment. [Doc. 97]. The Defendant appealed, and on June

15, 2011, the Fourth Circuit Court of Appeals affirmed his conviction and sentence. [Doc. 125]. The Defendant subsequently filed a motion to vacate pursuant to 28 U.S.C. § 2255 [Doc. 127], which the Court denied [Doc. 134]. The Defendant filed a second motion to vacate, arguing that retroactive application of Amendment 794 to U.S.S.G. § 3B1.2 makes him eligible for a minor role adjustment. [Doc. 151]. On November 28, 2016, the Court dismissed the Defendant's § 2255 motion without prejudice to bringing his claim in a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). [Doc. 152]. On December 19, 2016, the Defendant filed the present motion pursuant to 18 U.S.C. § 3582(c)(2), seeking a reduction of his sentence based on Amendment 794. [Doc. 153].

The Sentencing Guidelines Manual does not specify Amendment 794 as a retroactively applicable amendment. See U.S.S.G. § 1B1.10(d) (2015). Thus, Amendment 794 has no retroactive effect in this § 3582(c)(2) proceeding. See United States v. McNeill, __ F. App'x __, 2016 WL 6936472, at *1 (4th Cir. Nov. 28, 2016). Even assuming that Amendment 794 could be applied retroactively, however, it would not affect the Defendant's sentence. Amendment 794 amended the commentary to U.S.S.G. § 3B1.2 in order to provide a list of non-exhaustive factors for the

2

sentencing court to consider in determining whether to apply a mitigating role adjustment. See U.S.S.G. app. C, amend. 794, at 116. Here, the factual basis presented in the Presentence Report ("PSR") makes clear that the Defendant was more than a minor participant in the subject robberies. In fact, the PSR notes that the Defendant was the one primarily responsible for planning the robberies and that he transported his co-defendants to and from the bank robberies. [Doc. 91 at 7-10]. Thus, Amendment 794 has no bearing on the Defendant's case.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant's "Motion for Reduction of Sentence under 18 U.S.C. § [3582](c)(2) Pursuant to Retroactive Amendment 794" [Doc. 153] is **DENIED**.

**IT IS SO ORDERED.**

Signed: January 12, 2017

Martin Reidinger
United States District Judge